UNITED STATES of America,
Plaintiff,

v.

Darrow Mead BISHOP et al., Defendants.

No. 41146.

United States District Court
N. D. California.

Dec. 23, 1966.

Cecil F. Poole, United States Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Allan Brotsky, San Francisco, Cal., Peter Franck, Berkeley, Cal., and James T. Heavey, Oakland, Cal., for defendants.

MEMORANDUM OF DECISION

SWEIGERT, District Judge.

On December 14, 1966, the United States Attorney filed a new information

at the request of the Court against the above-named defendants charging them with a violation of 62 Stat. 765 (1948), 18 U.S.C. § 1382 (1964) in that said defendants did knowingly go upon the Concord Naval Weapons Station for the purpose of violating a lawful regulation prohibiting the entry upon and into the station by any person without the consent and permission of the Commanding Officer.

Defendants elected under the provisions of 18 U.S.C. § 3401(b) to be tried in the District Court rather than by the Commissioner.

To the above information, defendants have entered their pleas of not guilty and demanded jury trial. The case is presently before the Court upon the motion of the United States to quash defendants' demand for jury trial.

Section 1382 provides in substance and effect that any person who goes upon any military or naval reservation for any purpose prohibited by law or lawful regulation shall be fined not more than $500 or imprisoned not more than six months or both.

It is the contention of the government that the above offense is a "petty offense" as defined by 62 Stat. 684 (1948), 18 U.S.C. § 1(3) [1] and that there is no right to jury trial. The government further argues that in respect to petty offense prosecutions for trespassing on military reservations and for disorderly conduct on federal property, it is well settled in this Court that there is no right to trial by jury, citing a number of unreported local decisions.[2]

The defendants on the other hand contend that under Article III [3] and the Sixth Amendment [4] of the United States Constitution all defendants charged with crimes and offenses have a right to trial by jury and that, especially in this case, the nature of the charged offense and the possible penalty are such that they have a constitutional right to trial by jury.

## CONSTITUTIONAL ISSUE

With respect to defendants' contention that all persons charged with crimes and offenses have a constitutional right to trial by jury, defendants concede in their memorandum of points and authorities that the latest expression of the Supreme Court on this issue holds to the contrary. District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937). Defendants argue that this decision was an erroneous interpretation of the Constitution, citing a number of authorities in support of their contention.

However, as recently as the 1966 Term, the Supreme Court approved its decision in Clawans; see Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). Although that decision involved the question whether one is entitled to a jury trial in a criminal contempt proceeding, the Court stated with respect to the right to jury trial in petty offenses:

"Cheff's argument is unavailing, for we are constrained to view the proceed-

---

1. "Notwithstanding any Act of Congress to the contrary: * * * (3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."

2. United States v. Sawyer, Criminal No. 38519 (N.D.Cal. July 20, 1962); United States v. Sawyer, Criminal No. 38545 (N.D.Cal. July 20, 1962); United States v. Shaff, Criminal No. 38544 (N.D.Cal. July 20, 1962); United States v. Baliard, Criminal No. 39732 (N.D.Cal.).

3. "The Trial of all Crimes except in Cases of Impeachment, shall be by Jury * * *." U.S.Const. Art. III, § 2, ¶ 3.

4. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." U.S.Const. Amend. VI.

ings here as equivalent to a procedure to prosecute a petty offense, which under our cases does not require a jury trial. Over 75 years ago in Callan v. Wilson, 127 U.S. 540, 557, 8 S.Ct. 1301, 1307, 32 L.Ed. 223 (1888), this Court stated that 'in that class or grade of offenses called "petty offenses," which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose,' a jury trial is not required. And as late as 1937 the Court reiterated in District of Columbia v. Clawans, 300 U.S. 617, 624, 57 S.Ct. 660, 661, 81 L.Ed. 843, that: 'It is settled by the decisions of this Court * * * that the right of trial by jury * * * does not extend to every criminal proceeding. At the time of the adoption of the Constitution there were numerous offenses, commonly described as "petty", which were tried summarily with a jury * * *.' See also Natal v. State of Louisiana, 139 U.S. 621, 11 S.Ct. 636, 35 L.Ed. 288 (1891); Lawton v. Steele, 152 U.S. 133, 141–142, 14 S.Ct. 499, 502–503, 38 L. Ed. 385 (1894); Schick v. United States, 195 U.S. 65, 68–72, 24 S.Ct. 826, 827–828, 49 L.Ed. 99 (1904); District of Columbia v. Colts, 282 U.S. 63, 72–73, 51 S.Ct. 52, 53, 75 L.Ed. 177 (1930). Indeed, Mr. Justice Goldberg, joined by The Chief Justice and Mr. Justice Douglas, took the position in his dissenting opinion in United States v. Barnett, supra, 376 U.S. [681,] at 751, 84 S.Ct. [984,] at 1018 [12 L. E.2d 23] that 'at the time of the Constitution all types of "petty" offenses punishable by trivial penalties were generally triable without a jury. This history justifies the imposition without trial by jury of no more than trivial penalties for criminal contempts.' "

Defendants, however, contend that in their case the nature of the charged offense and the possible penalty are such that they are constitutionally entitled to a trial by jury.

It is true that mere definition of an offense as a "petty offense" does not necessarily mean that one is not constitutionally entitled to a trial by jury. Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930); Cheff v. Schnackenberg, supra 384 U.S. at 387, 86 S.Ct. 1523 (Douglas, J., dissenting). The Court is required to first consider the nature of the offense. District of Columbia v. Colts, supra 282 U.S. at 73, 51 S.Ct. 52, and, further to consider the maximum possible potential penalty. District of Columbia v. Clawans, supra 300 U.S. at 625, 57 S.Ct. 660.

Concerning the nature of the offense charged in this case, the new information in effect charges a trespass by defendants upon the reservation here involved. The allegation that the defendants went upon the station "for the purpose" of violating the regulation does not appreciably change the essential nature of the offense charged.

A mere entry upon a federal station is not malum in se and becomes a criminal petty offense under 18 U.S.C. § 1382 only because some statute or lawful regulation prohibits entry without permission.

Trespass upon property was not even a crime at common law, even though committed wilfully or maliciously or forcibly, unless accompanied by or tending to create a breach of the peace. (87 C.J.S. Trespass § 140 (1954).

No facts are alleged charging any circumstances which would amount to or tend to create, a breach of the peace in connection with the entry in question.

Although an entry or trespass upon a naval station for a purpose prohibited by statute or lawful regulation has been made a criminal offense by 18 U.S.C. § 1382, the purpose of the entry here in question, as alleged in the information, was merely to violate a regulation of the Commanding Officer prohibiting the entry itself without prior permission. No other, more serious purpose is charged.

Although the defendants are jointly charged, they are not charged with having acted conspiratorily. This information necessarily limits the nature and the elements of the offense charged against defendants.

Such an entry or trespass would not have been triable by a jury at common law nor is it such as connotes any serious moral turpitude.

Concerning the maximum possible penalty, Title 18 U.S.C. § 1382 provides a penalty of a fine of not more than $500 or imprisonment for not more than six months or both.

In District of Columbia v. Clawans, supra, 300 U.S. at 627, 57 S.Ct. at 663, the Court stated: "* * * we may doubt whether summary trial with punishment of more than six months' imprisonment, prescribed by some pre-Revoluntary statutes, is admissible * * *." In Cheff v. Schnackenberg, the Court stated 384 U.S. at 379–380, 86 S.Ct. at 1526:

> "According to 18 U.S.C. § 1 (1964 ed.), 'any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months' is a 'petty offense.' Since Cheff received a sentence of six months' imprisonment (see District of Columbia v. Clawans, supra, 300 U.S. at 627–628, 57 S.Ct. [660] at 663–664), and since the nature of criminal contempt, an offense sui generis, does not, of itself, warrant treatment otherwise (cf. District of Columbia v. Colts, supra), Cheff's offense can be treated only as 'petty' in the eyes of the statute and our prior decisions. We conclude therefore that Cheff was properly convicted without a jury."

█ The Court concludes that the offense charged is not such as to come within the Constitutional guarantee of jury trial.

## STATUTORY ISSUE

Having concluded that defendants are not entitled to a trial by jury as a matter of constitutional right, the Court must turn to the statutes to determine whether Congress has made any provision concerning the method of trial herein—more specifically whether Congress has spoken on the subject of the jury, non-jury method of trial in the District Court on an offense of the kind here involved.

72 Stat. 348 (1958), 18 U.S.C. § 3401 (a) (1964) provides in substance that a United States Commissioner has jurisdiction to try and sentence any person committing a petty offense in any place over which the Congress has exclusive power to legislate or over which the United States has concurrent jurisdiction.

Subdivision (b) of § 3401 provides, however, that any person charged with a petty offense may elect to be tried in the District Court of the United States and that the Commissioner shall apprise the defendant of his right and shall not proceed to try the case unless the defendant, after being so apprised, signs a written consent to be tried before the Commissioner.

18 U.S.C. § 3402 (1964) provides that an appeal lies from the judgment of the Commissioner to the District Court, and, further, that the Supreme Court shall prescribe rules of procedure "for the trial of cases before commissioners and for taking and hearing of appeals to the said district courts of the United States."

The Supreme Court has promulgated such rules. See Rules for Trial of Petty Offenses Before United States Commissioners, 311 U.S. 733.

Rule 2 of these rules provides among other things, that the trial before the Commissioner "shall be conducted as are trials of criminal cases in the District Court by a District Judge in a criminal case where a jury is waived." Rule 4, dealing with appeals from the Commissioner's judgment of conviction, provides among other things that the defendant shall not be entitled to a trial de novo in the District Court and the decision of the Commissioner upon questions of fact shall not be reexamined by the District Court.

Rule 54(b) (4) of the Federal Rules of Criminal Procedure provides that those

rules (i. e., the Federal Rules of Criminal Procedure) "do not apply to proceedings before United States commissioners and in the district courts under Title 18, U.S.C., §§ 3401, 3402, relating to petty offenses on federal reservations."

■ The question is whether this statutory and rule scheme is such as to express an intent on the part of Congress to bar the right of trial by jury in cases where the defendant, declining to consent to trial before the Commissioner, elects to be tried in the District Court.

The Court reaches the conclusion that it does not indicate any such intent.

In the first place, the only provision of this statutory rule scheme which refers to the matter of jury vis-a-vis non-jury trial is Rule 2 of the Rules for Trial of Petty Offenses Before United States Commissioners which in effect simply says that trials *before the Commissioner* shall be non-jury.

Significantly, there is no provision concerning whether a trial of a petty offense in the district court upon election of the defendant will be jury or non-jury.

That this omission in the Petty Offense Rules was deliberate is suggested by the fact that any such provision would have been beyond the rule making power of the Supreme Court as granted to that Court by Congress in Title 18 U.S.C. § 3402, limiting the Petty Offense rule making power to (1) the trial of cases *before commissioners* and (2) the *taking of appeals* from the Commissioner to the District Courts. (emphasis added).

It is true that the Supreme Court also has power, separately granted, to make general Rules of Criminal Procedure and under that power has provided in Fed.R.Crim.P., 54 (b)(4) that those rules "do not apply to proceedings before United States Commissioners and in the District Courts under 18 U.S.C. §§ 3401, 3402, relating to petty offenses on federal reservations."

Obviously Rule 54(b) (4) simply recognizes the fact that proceedings before the Commissioner and appeals therefrom, are the subject of separate rules under a specific rule making power granted by Title 18 U.S.C. § 3402. Therefore, the references in Rule 54(b) (4) to proceedings "in the District Courts" should be construed as applying only to proceedings in the District Courts in connection with appeals taken from judgments of conviction by the Commissioner to the District Courts as provided by 18 U.S.C. § 3402— the only kind of proceedings in the District Court which can reasonably be deemed to be taken "under" Sections 3401-3402. Any other proceeding in the District, (e. g., the trial in the District Court) is had, not "under" §§ 3401-3402, but under the right of defendant to refuse consent to proceedings under §§ 3401-3402 by electing to be tried in the District Court.

In any event Rule 54(b) (4) is merely a negative rule providing that proceedings, whether before the Commissioner or the District Court, are outside the ambit of the Federal Rules of Criminal Procedure. The rule does not purport to deal one way or the other with the question whether proceedings in the District Court will or will not be by jury.

Further, the only pertinent provision of the Federal Rules of Criminal Procedure, which could possibly be withdrawn by Fed.R.Crim.P. 54(b) (4) from petty offense proceedings, is the mere general provision of Fed.R.Crim.P. 23(a) providing: "Cases required to be tried by jury shall be so tried * * *." Fed.R. Crim.P. 23(a) would not in any way affect or resolve the issues presented herein.

As far as the legislative history of 18 U.S.C. §§ 3401, 3402 and their predecessors, is concerned, that history indicates that the Secretary of War and the Attorney General were concerned with the judicial administration of minor offenses occurring in increasing volume on military bases and other government reservations.

With respect to certain legislative action extending the procedures of §§ 3401, 3402 to national forests and grasslands,

the Senate Report thereon stated the following:

"Because of the distance and time involved, and the crowded dockets of most U. S. courts, the appearance of a person charged with a petty offense in the national forests or grasslands entails substantial expense and inconvenience both to the person accused and to Forest Service officials. This has very naturally resulted in a reluctance on the part of Forest Service officers to enforce rules and regulations by means stronger than persuasion." Senate Report No. 1447, U.S.Code Cong. and Adm. News, p. 3315, 88th Cong., 2nd Sess., 1964.

It thus appears that the purpose of §§ 3401, 3402, is to lessen inconvenience to the accused and to the reservation officials. When, however, the accused elects to be tried before the District Court, he, himself, assumes the inconvenience of the distance and time involved.

For the foregoing reasons, this court is of the opinion that §§ 3401, 3402 and the related rules, cannot be stretched by interpretation to indicate an intent on the part of Congress or on the part of the Supreme Court as expressed in its rules, that there shall be no trial by jury when a defendant elects to proceed in the District Court. In fact, the main benefit to be had by electing to proceed in the District Court is a jury trial.

This Court having found that the defendants are not constitutionally entitled to a jury trial and having further found that the Congress has not expressed itself, one way or the other, on whether defendants' trial shall be by jury or by the Court, the question remains whether defendants' trial can be had by jury as they have so demanded.

To answer this question it is first necessary to look to the law in England, the colonies, and the constituted states at the time of the adoption of the United States Constitution. District of Columbia v. Clawans, 300 U.S. 617, 626–627, 57 S.Ct. 660, 81 L.Ed. 843 (1937); Callan v. Wilson, 127 U.S. 540, 552, 8 S.Ct. 1301, 32 L.Ed. 223 (1888).

The starting point of any such examination is the Magna Carta which declared that "no freeman shall be taken, or imprisoned, or exiled, or in any other manner destroyed, except by the judgment of his peers, or by the law of the land." 4 Blackstone Comm. 343. See Callan v. Wilson, supra 127 U.S. at 552, 8 S.Ct. 1301. Accordingly, the right to a criminal jury was a protection generally in existence *except* where the positive law of Parliament or the colonial legislatures made explicit inroads upon it. Kaye, Petty Offenders Have no Peers, 26 U.Chi.L.Rev. 245, 247 (1959).

In the decade or so before the Philadelphia Convention in 1787 more than half [5] of the thirteen states adopted constitutional provisions of the following type: "Nor can any man be justly deprived of his liberty except by the laws of the land, or the judgment of his peers." Pa. Declaration of Rights § 9 (1776). While this language permitted subsequent legislative diminution of the right to a criminal jury, its immediate effect was to establish the right in all cases, unless and until the legislature decided to direct otherwise. Crosskey, Politics and the Constitution in the History of the United States 657 (1963). See Callan v. Wilson, supra 127 U.S. at 552–554, 8 S.Ct. 1301; District of Columbia v. Clawans, supra 300 U.S. at 626, 57 S.Ct. 660.

As to those states which had not adopted constitutions at the time of the Philadelphia Convention, the governing law was that of England under their colonial Charters. Beard and Beard, A Basic

---

5. Md. Declaration of Rights § 21 (Aug. 14, 1776); Mass. Declaration of Rights Art. XII (Mar. 2, 1780); N.H. Bill of Rights Art. 15 (June 2, 1784); N.Y.Const. § 13 (Apr. 20, 1777); Pa. Declaration of Rights § 9 (Sept. 28, 1776); Va. Declaration of Rights § 8 (June 12, 1776); S.C.Const. § 41 (Mar. 19, 1778). Accord: Ill.Const. Art. 8 § 8 (1818); Ky.Const. Art. 10 § 10 (1799); Me. Declaration of Rights § 6 (1818); Mo.Const. Art. 13 § 9 (1820); Vt. Declaration of Rights Art. 10 (July 4, 1793).

History of the United States 117 (1944); Coleman, The Constitution and its Framers 7–8 (1910).

As we have seen English law provided for the right to a criminal jury except as otherwise provided by Parliament.

From the foregoing it is apparent that at the time of the adoption of the federal Constitution a defendant accused of an offense was entitled to a jury trial unless there was statutory authority directing otherwise.

■ A review of the Supreme Court decisions on the constitutional right to trial by jury convinces this Court that as to those offenses which are not guaranteed a trial by jury by the Constitution a defendant is entitled to a jury trial unless Congress has provided to the contrary.

In Callan v. Wilson, supra, the United States Supreme Court considered for the first time the question of whether the federal Constitution permitted Congress to deprive a defendant in a criminal proceeding to a trial by jury. There the defendant was charged by an information filed by the United States in the Police Court of the District of Columbia with the crime of conspiracy, tried summarily without a petit jury after demand for a jury was denied, and convicted and sentenced to a month's imprisonment in default of payment of a $25 fine.

The Court held unconstitutional the summary conviction of defendant under a statute of the District of Columbia dispensing with juries in such cases on the ground that the offense of conspiracy at common law was of a grave character and entitled to trial by jury.

The Court, however, conceded "that there is a class of petty or minor offenses not usually embraced in public criminal statutes, and not of the class or grade triable at common law by a jury, and which [may] * * * *under the authority of congress, be tried by the court and without a jury * * * *." Callan v. Wilson, supra 127 U.S. at 555, 8 S.Ct. at 1306. See also the Court's review of the various practices of the states providing for summary trial of certain petty offenses when authorized by the state's law making bodies. Id. at 552–556, 8 S.Ct. 1301.

Implicit in the Court's opinion is the requirement that a defendant is entitled to a trial by jury in *all* cases except as otherwise provided by Congress and then only to the extent permitted by the Constitution.

In Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904) the Court was faced with the question of whether a defendant could waive a trial by jury and consent to a trial by the Court on a charge of violating a revenue provision of the Oleomargarine Act. The defendant had been prosecuted by information in the District Court of the United States for the Northern District of Illinois under section 11 of the act providing "That every person who knowingly purchases or receives for sale any oleomargarine which has not been branded or stamped according to law shall be liable to a penalty of fifty dollars for each such offense." 24 Stat. 209 (1886). There was no statutory provision requiring a trial either by jury or by the Court and the parties had at the District Court "in writing waived a jury, and agreed to submit the issues to the court." Id. 195 U.S. at 67, 24 S.Ct. at 826.

The Court held that there was "no doubt that the parties could rightfully make such a waiver and that the judgments are in no way invalidated thereby." Id. at 67, 24 S.Ct. at 826. In so holding, the Court stated the offense charged was a mere revenue violation which did not rise to the dignity of a crime requiring a trial by jury as contemplated by the Constitution.

The facts of this case strongly indicate that, but for the waiver in writing, the defendant would have been entitled to a jury trial, even though not constitutionally required.

In District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930) the defendant was charged in an information filed in the Police Court of the Dis-

trict of Columbia with seriously reckless driving, tried by the Court without a jury after demand for jury trial was denied, found guilty and sentenced to thirty days confinement. At the time of the offense and conviction, the acts of Congress for the government of the District of Columbia provided that prosecutions in the police court shall be on information; that where the accused would be entitled to a jury trial under the Constitution, trial shall be by jury unless waived; and that in cases where the accused would not by force of the Constitution be entitled to a trial by jury, trial shall be by the Court without a jury, unless the fine or penalty may be more than $300 or imprisonment more than ninety days, in which case the trial shall be by jury if so demanded. D.C.Code, (1930), Title 18, c. 4, § 165.

The Court held that the defendant was constitutionally entitled to a trial by jury on the ground that at common law it was an indictable offense when horses, instead of gasoline, constituted the motive power and that the offense was of such a grave nature that it constituted a crime within the meaning of Article III of the Constitution requiring trial by jury.

In *Colts*, the Court took note of the fact that by § 165 of the D.C.Code, Congress had expressly made the Constitution the test to determine whether the accused was entitled to a jury trial. The Court then stated 282 U.S. at 72–73, 51 S.Ct. at 53: "That there may be many offenses called 'petty offenses' which do not rise to the degree of *crimes* within the meaning of Article 3, *and in respect of which Congress may dispense with a jury trial,* is settled. Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L. Ed. 99." (emphasis added).

Like the previously discussed case of Callan v. Wilson, supra, *Colts* also indicates that there is a right to trial by jury as to those offenses which do not come within the constitutional guarantee of trial by jury unless Congress has dispensed with jury trial.

In the latest case dealing with the constitutional right to jury trial as applied to so-called petty offenses, District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937) the defendant was charged in the District of Columbia police court of selling second-hand property without a license, tried summarily without a jury after her demand for jury trial was denied, convicted and sentenced to pay a fine of $300 or be confined for sixty days.

In this case as in District of Columbia v. Colts, supra, § 165 of the D.C.Code governed a defendant's entitlement to a jury in prosecutions in the police court. That statute, it will be recalled, made the Constitution the test as to whether an accused was entitled to a jury trial with the proviso that in cases of punishment greater than $300 or imprisonment more than ninety days, the defendant's trial shall be by jury if so demanded.

Like Callan v. Wilson, supra, and District of Columbia v. Colts, supra, the Court in *Clawans* was dealing with a case where Congress had made an express pronouncement on whether a defendant was to be granted a trial by jury. Throughout its discussion, the Court in *Clawans* speaks of various statutes in England, in the Colonies and in the newly created states providing for summary punishment of petty offenses. There is nothing in *Clawans* to indicate that absent congressional direction, a defendant charged with a petty offense may be tried without a jury trial. And, in the one case where Congress had not expressed itself on the mode of trial, Schick v. United States, supra, the parties waived in writing a trial by jury.

For other authorities on this question, see 50 C.J.S. Juries § 77 (1947), (Supp. 1966); Smith v. United States, 128 F.2d 990 (5th Cir. 1942); United States v. Great Eastern Lines, 89 F.Supp. 839 (E. D.Va.1950); United States v. Martinelli, 240 F.Supp. 365 (N.D.Cal.1965) (Carter, J.).

◾ Accordingly, it is the firm conclusion of this Court that, Congress having not provided otherwise, defendants herein are entitled to a trial by jury.

Whether these conclusions are correct or not, it appears at least that there is basis for legal doubt on the two questions here involved: (1) the question of the right of jury trial where Congress has not provided to the contrary and the Constitution does not require trial by jury and (2) the question whether 18 U.S.C. §§ 3401, 3402, and the related rules, should be construed as substituting summary, rather than jury trial, where the defendant elects to be tried in the District Court.

At a minimum, it is obvious that clarification of this matter by the higher courts would be valuable to all district courts in the light of conflicting district court rulings.

It is therefore the order of this Court that the motion of the United States to quash defendants' demand for a jury trial should be and hereby is denied.