**UNITED STATES of America,**

v.

**Hector Manuel RAMIREZ SEIJO.**

No. 2.

United States District Court
D. Puerto Rico.
March 7, 1968.

Francisco A. Gil, Jr., U. S. Asst. Dist. Atty., San Juan, P. R., for plaintiff.

Robert J. Griswold, San Juan, P. R., for defendant.

## ORDER

FERNANDEZ-BADILLO, District Judge.

Defendant brought this appeal, pursuant to the provisions of Title 18 U.S.C. § 3402, from a judgment of the U. S. Commissioner convicting him of violating Title 18 U.S.C. § 1382 paragraph 2, in that on July 25, 1967, he re-entered the landing strip at Camp Tortuguero, Vega Baja, Puerto Rico, a military installation owned by the United States, and used said landing strip for a private airplane after having been officially notified that he could not do so.

On February 16, 1967 a registered letter was sent to defendant by Mr. L. C. Méndez, Area Engineer, U. S. Army Corps of Engineers, referring to defendant's repeated trespass on the installation, the pertinent part of which reads as follows:

"This office has also been informed that on several instances you have been made aware of the above cited circumstances relative to the use of the landing strip but that you have ignored all such advices."

"You are once more warned, and you are hereby officially notified that you are to remove from the Vega Baja Auxiliary Airdrome all of your property and to refrain from further utilizing in any manner whatsoever the landing strip at the site, which you have heretofore utilized contrary to law. Within the next ten days a field check will be accomplished to verify your compliance with this notice."

Said registered letter was received and signed by José Ramírez Rosas, presumably defendant's father, on February 17, 1967.

On appeal defendant claims: (1) ownership of the private plane was not established by the evidence against him (2) evidence did not establish receipt of warning not to re-enter government property (3) appellant was convicted on insufficient evidence and thereby was deprived of due process of law.

On its grounds for appeal defendant states that the Government's case is based on the registered letter sent by the U. S. Army Corps of Engineers (Ex. 1 for plaintiff). Defendant denied having

received said letter until after his arrest on July 28, 1967.

■ (1) The duty of this Court in reviewing a Commissioner's judgment of conviction is prescribed in Rule 4 of the Rules of Procedure for Trials Before Commissioners, which in the portion pertinent to this proceeding reads as follows:

"The defendant shall not be entitled to a trial de novo in the District Court and the decision of the Commissioner upon questions of fact shall not be re-examined by the District Court. Only errors of law apparent from the record as certified by the Commissioner shall be considered by the court."

■ In keeping with the limited scope of review prescribed by Rule 4 the question of ownership of the aircraft is beyond the bounds of this Court's examination of the record on appeal. Furthermore, ownership of the aircraft does not have to be established in order for defendant to violate paragraph two of § 1382 which requires only proof of the act of re-entry "after having been removed therefrom or ordered not to re-enter by any officer or person in command or charge thereof."

■■ (2) The sole question presented in this appeal is whether the record discloses sufficient evidence which will support the Commissioner's judgment of conviction. The particular facts of this case further limit the Court's duty on appeal to establishing: (a) If there is evidence of the act of reentering the installation (b) If the reentry was made after having been ordered not to reenter by any officer or person in charge thereof.

"It is to be noted that § 1382 is divided into two parts or paragraphs. The first is directed to entry upon the military reservation 'for any purpose prohibited by law or lawful regulation'. Then comes the disjunctive 'or' followed by that paragraph under which the present charges are brought. This second paragraph is directed to re-entry after removal or after appropriate order not to re-enter. This paragraph thus involves a second invasion of the premises and one where the accused, because of his prior physical removal or the formal order, is definitely aware that re-entry is prohibited." Holdridge v. United States, 282 F.2d 302 (8 Cir. 1960).

During the proceedings before the Commissioner, defendant admitted that he was on the landing strip on July 25, 1967, and that he flew the plane off the strip, but insisted that he had walked to the strip that day.

"A mere entry upon a federal station is not malum in se and becomes a criminal petty offense under 18 U.S.C. § 1382 only because some statute or lawful regulation prohibits entry without permission." United States v. Bishop, 261 F.Supp. 969 (1966).

Paragraph two (2) of § 1382 provides that:

"Whoever reenters or is found within any such reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof—"

The registered letter which stands as the official order or notice not to re-enter was not personally delivered to defendant and there is no proof that he actually received this letter through the mail. Furthermore, it does not appear that the person signing the letter was "in command or charge" of the federal property here involved. The fact that Mr. L. C. Méndez, author of the letter is an "Area Engineer of the U. S. Army Corps of Engineers" certainly is not sufficient data to justify the conclusion that he was actually in charge of the area of the installation allegedly invaded by defendant, to wit, Camp Tortuguero landing strip.

There is no evidence in the record of any other warning or order not to reenter by an officer or person in charge as required by this section. The evidence

is not sufficient to sustain the conviction of defendant.

The Court is of the opinion that the Government did not prove the elements of the offense charged. That the defendant was forbidden to enter upon the installation by an officer or a person in charge or command of it and that thereafter, knowingly and fully aware of such prohibition, he did so enter has not been proven by the United States. Consequently there has been no violation of the statute as charged. It is therefore the order of this Court that the judgment of conviction rendered by the United States Commissioner be and hereby is reversed.