**UNITED STATES of America, Plaintiff,**

v.

**Jon Randolph FLOYD et al., Defendants.**

**Crim. No. 72–175.**

United States District Court,
W. D. Oklahoma,
Criminal Division.

July 11, 1972.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for plaintiff.

Stephen Jones, Enid, Okl., for Floyd, Flower, Foll, Herren, Hindman, Nolan, Patchett and Woodlee.

Philip F. Horning, Oklahoma City, Okl., for Freeman, Fultz, Pascale and Wright.

## ORDER ON "MOTION AND DEMAND FOR JURY TRIAL"

DAUGHERTY, District Judge.

All the defendants have joined in a motion and demand for jury trial. All are charged jointly by Information with violation of Title 18 U.S.C. § 1382, in that they did knowingly, wilfully, and unlawfully enter the Tinker Air Force Base, a military reservation, for the purpose of violating a lawful regulation prohibiting the entry upon and into said military reservation without the consent and permission of the commanding officer. The maximum punishment is imprisonment for six months and a fine of $500.

Defendants assert a constitutional right to trial by jury, but that in any event they are entitled to a jury trial because Congress has not expressly provided otherwise. Article III, § 2, Clause 3 of the Constitution of the United States provides that the trial of all crimes, except in cases of impeachment, shall be by jury. Under the sixth amendment, an accused, in all criminal prosecutions, has the right to a speedy and public trial by an impartial jury. The constitutional imperative does not, however, extend to that "class or grade of offenses called 'petty offenses,' which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose." Callan v. Wilson, 127 U.S. 540, 557, 8 S.Ct. 1301, 1307, 32 L.Ed. 223 (1888). As stated in Duncan v. Louisiana, 391 U.S. 145, 160, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968):

"So-called petty offenses were tried without juries both in England and in

the Colonies and have always been held to be exempt from the otherwise comprehensive language of the Sixth Amendment's jury trial provisions. There is no substantial evidence that the Framers intended to depart from this established common-law practice, and the possible consequences to defendants from convictions for petty offenses have been thought insufficient to outweigh the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications."

Counsel suggests there is a split of authority as to whether a jury trial is required for a petty offense. Cases of the United States Supreme Court refute this. "It is old law that the guarantees of jury trial found in Article III and the Sixth Amendment do not apply to petty offenses." Bloom v. Illinois, 391 U.S. 194, 210, 88 S.Ct. 1477, 1486, 20 L.Ed.2d 522 (1968). No decision of our highest court holds otherwise.

The essential inquiry, then, is not whether the Constitution requires a jury trial for a petty offense, but whether the defendants are charged with a "petty offense." If it is a petty offense, the constitutional right to a jury trial does not exist. If it is not, the court must grant the defendants' request.

█ Congress has defined a petty offense as follows: "(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense." 18 U.S.C. § 1(3). The present charge is obviously within that definition.

The Supreme Court has, however, utilized other criteria in determining whether a particular offense is "petty" or "serious." In District of Columbia v. Colts, 282 U.S. 63, 73, 51 S.Ct. 52, 53, 75 L.Ed. 177 (1930), the court said:

"Whether a given offense is to be classed as a crime, so as to require a jury trial, or as a petty offense, triable summarily without a jury, depends primarily upon the nature of the offense."

In that case, the defendant was convicted of driving recklessly "so as to endanger property and individuals." The relevant statute provided for punishment by not more than a $100 fine or thirty days imprisonment. The court found that the offense was *malum in se*, indictable at common law, and "an act of such obvious depravity that to characterize it as a petty offense would be to shock the general moral sense." The charge in the present case is not *malum in se*, but *malum prohibitum*. It becomes an offense under 18 U.S.C. § 1382 only because some statute or lawful regulation prohibits entry without permission. United States v. Bishop, 261 F. Supp. 969 (N.D.Calif.1966).

At other times, the Supreme Court has looked principally to the length of the maximum possible sentence to determine if a jury trial is required. In Duncan v. Louisiana, *supra*, 391 U.S. at 161, 88 S.Ct. at 1453, the court held that a crime for which the punishment could be two years could not be labeled a petty offense:

"In determining whether the length of the authorized prison term or the seriousness of other punishment is enough in itself to require a jury trial, we are counseled by District of Columbia v. Clawans, *supra* [300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843] to refer to objective criteria, chiefly the existing laws and practices in the Nation. In the federal system, petty offenses are defined as those punishable by no more than six months in prison and a $500 fine. In 49 of the 50 States crimes subject to trial without a jury, which occasionally include simple battery, are punishable by no more than one year in jail. Moreover, in the late 18th century in America crimes triable without a jury were for the most part punishable by no more than a six-month prison term, although there appear to have been exceptions to this rule. We need not, however, settle in

this case the exact location of the line between petty offenses and serious crimes. It is sufficient for our purposes to hold that a crime punishable by two years in prison is, based on past and contemporary standards in this country, a serious crime and not a petty offense. Consequently, appellant was entitled to a jury trial and it was error to deny it."

In the most recent case treating the right to a jury trial, Baldwin v. New York, 399 U.S. 66, 73, 90 S.Ct. 1886, 1890, 26 L.Ed.2d 437 (1970), the court held that where possible penalty exceeds six months, the defendant cannot be denied a jury trial:

"One who is threatened with the possibility of imprisonment for six months may find little difference between the potential consequences that face him, and the consequences that faced appellant here. Indeed, the prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or 'petty' matter and may well result in quite serious repercussions affecting his career and his reputation. Where the accused cannot possibly face more than six months' imprisonment, we have held that these disadvantages, onerous though they may be, may be outweighed by the benefits that result from speedy and inexpensive nonjury adjudications."

Here, the defendants cannot possibly receive more than six months imprisonment, and it would appear likewise that the benefits resulting from the expeditious nonjury determination of guilt or innocence outweigh any possible disadvantage to the defendants.

In other cases, the court has ignored the maximum possible sentence and considered the sentence actually imposed. In Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966), a sentence of six months was imposed in a contempt proceeding. The court viewed the proceedings as equivalent to a procedure to prosecute a petty offense, and

therefore, the defendant was properly convicted without a jury. *See also* Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969).

By every suggested standard, the charge against the defendants in this case is a petty offense, not triable by jury under the Constitution. The only other court considering this specific statute has reached this same conclusion. United States v. Bishop, *supra*, principally relied upon by the defendants.

■ The conclusion that the offense charged is a petty offense for which no constitutional right to jury trial exists would seem to be dispositive of the defendants' demand, but in *Bishop*, the court proceeded to hold that a defendant is entitled to a jury trial unless Congress has specifically provided to the contrary. *Compare* United States v. Beard, 313 F.Supp. 844 (D.Minn.1970), in which the court concluded that where Congress had not spoken on the subject, the granting of a jury trial rested within the court's discretion. Counsel for the defendants now urges the reasoning of *Bishop* upon this court. We must reject the reasoning and the conclusion. We find no basis for the assumption that Congress has been silent on this issue. By its very definition of "petty offense" in 18 U.S.C. § 1(3), it has manifested an intent that there be no jury trial. Since it was the rule at common law and under the uniform rulings of the Supreme Court that a petty offense was triable without a jury, it would be unrealistic to suppose that Congress was unaware of this most important characteristic of a petty offense in making this classification. The very purpose of classification is to attribute certain characteristics to the class. There is no reason for a subdivision of misdemeanors of minor gravity if such petty offenses are to be treated as are all other misdemeanors. It is significant that the principal cases relied upon by the court in *Bishop* (Callan v. Wilson, *supra* (1888); Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904), and District of Columbia

v. Colts, *supra* (1930)), were decided prior to the Congressional enactment of the petty offense classification on December 16, 1930.

In *Bishop*, the court looked at 18 U.S. C. § 3401, relating to trial by commissioners, and could discover no intention by Congress that the trial of a petty offense in district court be without a jury. Subsequent, however, to *Bishop*, Congress amended this section to provide the magistrate shall explain to a defendant charged with a minor offense (a misdemeanor subject to a maximum punishment of one year imprisonment and $1,000 fine), that "he has a right to trial before a judge of the district court and that he *may* have a right to trial by jury . . ." (Emphasis supplied.) By inference, Congress has recognized there might be minor offenses, i. e. petty offenses, in which there was no right to trial by jury in the district court.

Further, Congress, by limiting the punishment which may be imposed under 18 U.S.C. § 1382 to six months and $500, has included within the definition of the crime itself a judgment about the seriousness of the offense and therefore the right to a jury trial. Frank v. United States, *supra.*

There really is no basis to conclude that a right to jury trial exists outside the Constitution and statutes of the United States. The Supreme Court, in determining the right to jury, has indicated that if an offense can be treated as petty in the eyes of 18 U.S.C. § 1(3) and is not otherwise a serious offense under the prior decisions of the court, the denial of a jury trial is proper. Cheff v. Schnackenberg, *supra.*

▇ Rule 23(a) of the Federal Rules of Criminal Procedure provides:

"Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

The Note to subdivision (a) of the Advisory Committee on Rules states:

"1. This rule is a formulation of the constitutional guaranty of trial by jury, Constitution of the United States, Article III, Sec. 2, Par. 3: 'The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury * * *'; Amendment VI: 'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *.' The right to a jury trial, however, does not apply to petty offenses, District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843; Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99, 1 Ann.Cas. 585; Frankfurter and Corcoran, 39 Harv.L.R. 917."

As the Note indicates, the rule embodies only the constitutional guaranty of a jury trial and contemplates that the district court is not required to grant a jury trial for a petty offense.

At the time *Bishop* was decided, there was in effect "Rules of Procedure for Trials Before Commissioners," adopted January 6, 1941, by the Supreme Court. Rule 2 of these rules provided, among other things, that the trial before the commissioner "shall be conducted as are trials of criminal cases in the District Court by a District Judge in a criminal case where a jury is waived", but no reference was made in the rules concerning the trial in the district court. The court said, at 973 of 261 F.Supp., "Significantly, there is no provision concerning whether a trial of a petty offense in the district court upon election of the defendant will be jury or non-jury," and found that there was no indication of an intent on the part of the Supreme Court as expressed in its rules that there should be no trial by jury when the defendant elects to proceed in the district court.

This argument is no longer valid. The Supreme Court, in a major departure from the former rules, has expressed itself on the requirement for a jury trial in the trial of petty offenses in the "Rules of Procedure for the Trial of Minor Offenses before United States

Magistrates," promulgated January 27, 1971. Rule 2 provides that the magistrate shall inform a person charged with a minor offense other than a petty offense "that he has a right to a trial before a judge of the district court and *a jury*," (emphasis supplied), unless he consents to be tried before the magistrate. Before the magistrate can conduct the trial, the defendant must waive in writing "Trial before a Judge of the District Court and *Jury*," (emphasis supplied).

Rule 3 provides that the magistrate shall inform the defendant accused of a petty offense "of his right to * * * trial in the district court." He must waive only the right to be tried before a judge of the district court before the magistrate may proceed. Rule 3 also specifically states that the trial before the magistrate shall be conducted "as are trials of petty offenses in the district court by a district judge without a jury." By the distinction between the minor offenses and petty offenses in the rules, it is evident that the Supreme Court conceived only a right of trial by jury for minor offenses and rejected the proposition that a jury is constitutionally required in the trial of petty offenders.

And recently the Fourth Circuit in United States v. Merrick, 459 F.2d 644 (Fourth Cir. 1972) held that a federal "petty offender" has no constitutional or statutory right to a jury trial.

Since the court finds no constitutional or statutory basis for a jury trial in this instance, the defendants' demand for a jury will be denied. If it were within the discretion of the court, the result would be the same. Because of the court's interest in the orderly administration of justice and the practical problems confronting the court in a case with multiple defendants, the advantages of an expeditious and relatively inexpensive adjudication by the court outweigh the benefits which might accrue to the defendants from a jury trial.

It is so ordered.