**UNITED STATES of America, Plaintiff,**

v.

**Paul A. ROGERS et al., Defendants.**

**Crim. A. No. 72–CR–368.**

United States District Court, D. Colorado.

Jan. 11, 1973.

James L. Treece, U. S. Atty., Steven Duncan, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Rudolph Schware, Denver, Colo., for defendants.

## MEMORANDUM OPINION

WINNER, District Judge.

Defendants are charged with violation of an order issued by the Commander of the United States Air Force Academy prohibiting their activities on the Academy's property. The charge is a petty offense, and defendants demand a jury.

18 U.S.C. § 1 classifies offenses:

"(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.

"(2) Any other offense is a misdemeanor.

"(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."

18 U.S.C. § 3401 [as amended in 1968] permits the trial of minor offenses by United States Magistrates, but it additionally provides:

"(b) Any person charged with a minor offense may elect, however, to be tried before a judge of the district court for the district in which the offense was committed. The magistrate shall carefully explain to the defendant that he has a right to trial before a judge of the district court and that he *may* have a right to trial by jury before such judge and shall not proceed to try the case unless the defendant, after such explanation, signs a written consent to be tried before the magistrate that specifically waives both a trial before a judge of the district court *and any right to trial by jury that he may have.*"

Defendants have not waived their right to trial before this court, and, instead, have requested trial in the district court, and they now request trial by jury.

Amended Sec. 3401 additionally provides:

"(f) As used in this section, the term 'minor offenses' means misdemeanors punishable under the laws of the United States, the penalty for which does not exceed imprisonment for a period of one year, or a fine of not more than $1,000, or both . . . . "

Thus, "minor offenses" as defined in 18 U.S.C. § 3401 include offenses carrying a fine of $1,000 and imprisonment of up to a year, while "petty offenses" as defined in 18 U.S.C. § 1 have an upper limit on the fine of $500 and a maximum jail sentence of six months. Minor offenses are more serious than petty offenses, and it is for this reason that amended Sec. 3401(b) says that the magistrate shall explain that a defendant "may" have a right to a jury trial in the district court when advising a defendant of his rights under that section.·

Rule 54 of the Rules of Criminal Procedure provides that the rules do not apply to proceedings under 18 U.S.C. § 3401. Rules 2 and 3 of the Federal Rules of Procedure for the Trial of Minor Offenses before United States Magistrates [adopted January 27, 1971] differentiate between "Minor offenses other than petty offenses" and "Petty offenses." Rule 2 has to do with the first category, and where the minor offense is not a petty offense, the Magistrate is required to advise defendant of his right to appointed counsel and to "explain to the defendant that he has a right to trial before a judge of the district court and a jury." Rule 3 covers petty offenses, and it requires the Magistrate to "inform the defendant of his right to counsel[1] and to a trial in the district court." [Jury trial is not mentioned in Rule 3.]

The Supreme Court held in Callan v. Wilson (1888) 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223, that "in that class or grade of offenses called 'petty offenses,' which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose," a jury trial is not required. In District of Columbia v. Clawans (1936) 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843, it was said:

"It is settled by the decisions of this Court . . . that the right of trial by jury . . . does not extend to every criminal proceeding. At the time of the adoption of the Constitution there were numerous offenses, commonly described as 'petty,' which were tried summarily without a jury."

In United States v. Bishop (1966) D.C. N.D.Cal. 261 F.Supp. 969, in a scholarly opinion, the Supreme Court decisions

---

1. At least under some circumstances, there is a right to appointed counsel. Arger- singer v. Hamlin (1972) 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530.

were reviewed, and it was held that there was no constitutional right to a jury trial where a petty offense was charged. [The offense there charged was illegal entry on a Naval Weapons Station.] However, the District Judge there held that there was a statutory right to a jury trial. He reasoned that the statutes were not clear, and that:

" . . . there is basis for legal doubt on the two questions here involved: (1) the question of the right of jury trial where Congress has not provided to the contrary and the Constitution does not require trial by jury and (2) the question whether 18 U.S. C. §§ 3401, 3402 and the related rules should be construed as substituting summary, rather than jury trial, where the defendant elects to be tried in the District Court.

"At a minimum, it is obvious that clarification of this matter by the higher courts would be valuable to all district courts in the light of conflicting district court rulings."

The 1968 amendment to Sec. 3401 and the 1971 "Rules for the Trial of Minor Offenses Before United States Magistrates" provide the exact Congressional and higher court clarification sought in United States v. Bishop, *supra*. 18 U.S. C. § 3401(b) was amended to say for the first time that in *some* cases there may be a right to a jury trial, and subsection (f) was added. Magistrate's Rules 2 and 3 make clear the requirements for a jury trial of minor offenses other than petty offenses, but it is equally clear that neither Congress nor the Supreme Court, by its approved rules, requires a jury trial for petty offenses as that term has been Congressionally defined.

Moreover, there is even more definitive and more recent authority on the question. In Argersinger v. Hamlin (1972) 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, the question was that of the right to appointed counsel where a petty offense is charged. It was held that where a sentence of imprisonment is likely, counsel must be appointed.

"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.

"The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy."

However, in *Argersinger* the Court carefully differentiated between the right to counsel and the right to a jury trial. It was there said:

"In Washington v. Texas, supra, we said, 'We have held that due process requires that the accused have the assistance of counsel for his defense, that he be confronted with the witnesses against him, and that he have the right to a speedy and public trial.' 388 U.S. [14], at 18 [87 S.Ct. 1920, at 1922, 18 L.Ed.2d 1019]. Respecting the right to a speedy and public trial, the right to be informed of the nature and cause of the accusation, the right to confront and cross-examine witnesses, the right to compulsory process for obtaining witnesses, it was recently stated, 'It is simply not arguable nor has any court ever held, that the trial of a petty offense may be held in secret, or without notice to the accused of the charges, or that in such cases the defendant has no right to confront his accusers or to compel the attendance of witnesses in his own behalf.' Junker, The Right to Counsel in Misdemeanor Cases, 43 Wash.L. Rev. 685, 705 (1968).

"District of Columbia v. Clawans, 300 U.S. 617, [57 S.Ct. 660, 81 L.Ed. 843], illustrates the point. There, the offense was engaging without a license

in the business of dealing in second-hand property, an offense punishable by a fine of $300 or imprisonment for not more than 90 days. The Court held that the offense was a 'petty' one and could be tried without a jury. But the conviction was reversed and a new trial ordered, because the trial court had prejudicially restricted the right of cross-examination, a right guaranteed by the Sixth Amendment.

"The right to trial by jury, also guaranteed by the Sixth Amendment by reason of the Fourteenth, was limited by Duncan v. Louisiana [391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491] to trials where the potential punishment was imprisonment of six months or more. But, as the various opinions in Baldwin v. New York, 399 U.S. 66 [90 S.Ct. 1886, 26 L.Ed.2d 437] make plain, the right to trial by jury has a different genealogy and is brigaded with a system of trial to a judge alone. As stated in Duncan:

> 'Providing an accused with the right to be tried by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor and against the complaint, biased, or eccentric judge. If the defendant preferred the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it. Beyond this, the jury trial provisions in the Federal and State Constitutions reflect a fundamental decision about the exercise of official power—a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges. Fear of unchecked power, so typical of our State and Federal Governments in other respects, found expression in the criminal law in this insistence upon community participation in the determination of guilt or innocence. The deep commitment of the Nation to the right of jury trial in serious criminal cases as a

defense against arbitrary law enforcement qualifies for protection under the Due Process Clause of the Fourteenth Amendment, and must therefore be respected by the States.' 391 U.S. at 156, [88 S.Ct., at 1451].

"While there is historical support for limiting the 'deep commitment' to trial by jury to 'serious criminal cases,' there is no such support for a similar limitation on the right to assistance of counsel."

We conclude that Congress has directed and that the Supreme Court has held that there is no right to a trial by jury where a petty offense is charged.

Defendants' request for a jury trial is denied.