## SMITH v. UNITED STATES.
### No. 10268.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1942.

A. Wilmot Dalferes, of Lafayette, La., for appellant.

Malcolm E. Lafargue, U. S. Atty., and Jared Y. Fontenot, Asst. U. S. Atty., both of Shreveport, La., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

An information in one count was filed against appellant in the court below charging that he knowingly sold and assisted in the sale of wild ducks, in violation of the Migratory Bird Treaty Act, 16 U.S.C.A. § 703 et seq. The appellant pleaded not guilty and moved the court for a trial by jury, but his motion was overruled, and he was tried and convicted by the court without a jury. The only question for our decision is whether the court below erred in denying him a jury trial.

Article 3, Section 2, Clause 3 of the Constitution of the United States provides that the trial of all crimes, except in cases of impeachment, shall be by jury. Under the Sixth Amendment an accused, in all criminal prosecutions, has the right to a speedy and public trial by an impartial jury. Under these constitutional provisions it is now settled that an accused in the federal court has the right to be tried by a jury in all criminal prosecutions, with the exception of certain petty offenses, not usually embraced in public criminal statutes and not of the class or grade triable by a jury at common law at the time of the adoption of the Constitution. Persons charged with such offenses may be tried, under the authority of Congress, by the court without a jury.[1] Our inquiry, therefore, is whether this case falls within the general rule or within the exception to it.

The Supreme Court has never undertaken to define precisely what is meant by petty offenses, or to catalogue the trivial violations that may be so classified. In view of the broad concept of the classification prevailing in England and in the American Colonies immediately prior to the Revolution, it seems probable that the offense of trafficking in wild game in violation of the conservation laws, for which the maximum penalty does not exceed six months' imprisonment and a fine of $500, would be considered a petty offense within the intendment of the framers of the Constitution.[2] At that time, infractions of fish or wild game regulations generally were prosecuted in a summary proceeding before a magistrate, and the practice of summary procedure persisted unchallenged through the enactment of the jury clauses in the federal and state constitutions.[3]

Most of the judicial decisions construing these constitutional provisions have been in cases involving the constitutionality of statutes authorizing summary procedure, or questioning the validity of an attempted waiver of trial by jury. In such cases the decisive question usually was whether or not the offense to be tried came within the constitutional concept of a petty offense; but to decide the issue here presented it is necessary to determine a further question that, so far as we have discovered, is novel in our jurisprudence. That question is whether a judge of the United States District Court, in the absence of a statute of Congress authorizing the trial of the petty criminal offense charged or of any petty criminal offense by a summary procedure without a jury, has the power to deny the accused a trial by jury.

In the leading case of Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 828, 49 L. Ed. 99, 1 Ann.Cas. 585, the Supreme Court held that there was no constitutional requirement of a jury trial in cases involving

1 Callan v. Wilson, 127 U.S. 540, 8 S. Ct. 1301, 32 L.Ed. 223; Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L. Ed. 99, 1 Ann.Cas. 585; District of Columbia v. Clawans, 300 U.S. 617, 625, 57 S.Ct. 660, 81 L.Ed. 843; Dillon on Municipal Corporations, Vol. 1, Sec. 433; In re Dana, Fed.Cas.No.3,554, 7 Ben. 1, 4; 4 Blackstone's Commentaries, 280; Pet-ty Federal Offenses and Trial by Jury, 39 Harvard Law Review, 917.

2 District of Columbia v. Clawans, 300 U.S. 617, 625, 57 S.Ct. 660, 81 L.Ed. 843; Petty Federal Offenses, etc., 39 Harvard Law Review, 933, 934; Stone's Justices' Manual, 56 Ed., 1601.

3 Petty Federal Offenses, etc., 39 Harvard Law Review, 937.

992

petty offenses; that no act of Congress required the trial of all offenses to be by jury; and that a United States District Court was adequately equipped to transact criminal business without a jury. In spite of these views the court recognized that an accused, in the absence of an act of Congress conferring jurisdiction upon the district courts to try petty offenses without a jury, has at least a privilege to be tried by jury. The crux of the decision is expressed in these words: "When there is no constitutional or statutory mandate, * * * an accused may waive any privilege which he is given the right to enjoy." Since one can only waive a right or privilege belonging to him, the holding that the accused could and did waive trial by jury impliedly asserted the existence of the right or privilege to be tried by a jury.

In the earlier case of Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223, the court, speaking through Mr. Justice Harlan, held that all criminal offenses were required by the Constitution to be tried by jury, with the exception only of that certain class of petty offenses not triable at common law by a jury and which may, *under the authority of Congress,* be tried by the court without a jury. In his dissenting opinion in the Schick case Mr. Justice Harlan amplified the meaning of the italicised language by pointing out that no criminal offense was triable at common law without a jury unless the authority to do so was expressly conferred by an act of Parliament; that unless Congress exercised its power to withdraw petty offenses from the operation of the constitutional provision requiring the trial of all crimes to be by jury, the court was without jurisdiction to try the offense without a jury, and a judgment of conviction so rendered was void.

The Callan case has not been overruled, but has been cited with approval recently by the Supreme Court.[4] In view of that decision, we hold that the court below erred in overruling the motion for a trial by jury, for the reason that Congress has not conferred upon the district courts jurisdiction to try petty criminal offenses without a jury.

The judgment appealed from is reversed, and the cause is remanded to the district Court for further proceedings not inconsistent with this opinion.

HUTCHESON, Circuit Judge (concurring in part and dissenting in part).

I concur in the result but because the question is not before us and an opinion on it is not called for, I dissent from the expression of the view that Congress could have provided for trial without a jury.