## UNITED STATES v. GREAT EASTERN LINES, Inc.

### Cr. No. 10–110.

United States District Court
E. D. Virginia, Norfolk Division.
March 30, 1950.

John P. Harper, Assistant United States Attorney, Norfolk, Va., and George R. Humrickhouse, United States Attorney, Richmond, Va., for plaintiff.

Maurice B. Shapero, Norfolk, Va., for defendant.

BRYAN, District Judge.

The United States has moved to strike or quash the defendant's demand for trial by jury. It arises in a prosecution, upon an information in ten counts, of the defendant for violating the Motor Carrier Safe-

ty Regulations prescribed by the Interstate Commerce Commission' pursuant to part II of the Interstate Commerce Act, 49 U.S. C.A. § 301 et seq. The first five counts aver the defendant did not have on file certificates of physical examinations of its truck drivers engaged in interstate transportation. Counts 6 and 7 allege the defendant's failure to require its drivers to keep a driver's log recording the places of origin and destination of their trips, the times the drivers came on and left duty, and their periods of operation and work performed. Count 8 charges neglect to show a description and weight of the property, or the exact rates assessed, on the freight and expense bill. In count 9 it is said that the defendant failed to indicate the exact rates assessed, and the total charges to be collected, on the face of the freight and expense bill. The last count is for the alleged operation of a tractor-semitrailer without the display of the trade name of the motor carrier. These violations are made punishable by fines of not more than $100.00 for the first offense and not more than $500.00 for any subsequent offense. 49 U.S.C.A. § 322.

■ Without doing violence to Article 3, Section 2, Clause 3, or to the Sixth Amendment, of the Constitution of the United States the Congress could perhaps have provided that such violations should be tried without a jury. The transgressions might be classified as petty offenses, as distinguished from crimes, and their trial not necessitate a jury. Undoubtedly under the Constitution jurisdiction may be conferred upon magistrates, judges or courts to try without a jury what are termed petty offenses. Callan v. Wilson, 127 U.S. 540, 552, 8 S.Ct. 1301, 32 L.Ed. 223; Schick v. U. S., 195 U.S. 65, 68, 24 S.Ct. 826, 49 L.Ed. 99, 1 Ann.Cas. 585; District of Columbia v. Clawans, 300 U.S. 617, 624, 57 S.Ct. 660, 81 L.Ed. 843; Frankfurter and Corcoran, Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury, 39 Harvard Law Review 917.

■ However, on the present motion the Court need not make a classification of the offenses now under consideration. The point here is that the Congress has not expressed a purpose to have these cases tried save in the customary manner of a criminal trial, that is, with the right of the parties to a jury. Actually the problem now before the Court is only one of statutory construction. On its face the Act clearly contemplates a jury trial for the offender or the Government. Ordinarily a statement of an offense and its punishment in a statute, without more, means that a trial in the usual fashion shall be accorded to the prosecution and the accused in its enforcement. To hold otherwise the Court must say that the Congress, if it intends to permit a trial by jury, must affirmatively prescribe a jury trial whenever it creates a statutory offense which might be a petty offense. While the Congress may not withhold a jury for the trial of any offense for which the Constitution requires a jury, without doubt the Congress may confer upon the parties the right to a jury in the trial of a statutory offense for which the Constitution does not make a jury mandatory.

■ Construing the present statute, in the light of the generally adopted methods of legislative expression, the Court is of the opinion that part II of the Interstate Commerce Act, Section 222(a), 49 U.S.C.A. § 322(a) affords a jury for the trial of the offenses there enumerated. Unless the Congress expressly directs that there shall be none, the Court will conclude that Congress intended a jury trial of a statutory offense. Smith v. U. S., 5 Cir., 128 F.2d 990, 992.

■ A different conclusion may not be spelled out of Rule 23, Federal Rules of Criminal Procedure, 18 U.S.C.A., by saying that the clause "Cases required to be tried by jury shall be so tried" means that the Congress intended a jury only for those cases in which the Constitution required it. The Court believes that Rule 23 bestows the right to a jury whenever "required" either by the Constitution or by statute. The motion to dispense with the jury will be denied.