**UNITED STATES of America,
Plaintiff,**

**v.**

**LeRoy MARTINELLI, Defendant.**

**Crim. No. 40139.**

United States District Court
N. D. California, S. D.

April 12, 1965.

———◆———

Cecil Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Bagshaw, Martinelli, Weissich & Jordan, A. E. Bagshaw, San Rafael, Cal., for defendant.

OLIVER J. CARTER, District Judge.

The defendant in an information filed by the United States Attorney has been charged with the violation of Title 16 U. S.C. § 668 [1] for unlawfully taking a bald eagle and a golden eagle. He has entered a plea of not guilty, and has demanded a jury trial. The government moves to quash his motion for a jury trial.

Since the maximum penalty under section 668 is a fine of not more than $500 or imprisonment of not more than six months, or both, the government asserts the offense charged under this section is

[1.] "Whoever, within the United States or any place subject to the jurisdiction thereof, without being permitted to do so as provided in sections 668–668d of this title, shall take, possess, sell, purchase, barter, offer to sell, purchase or barter, transport, export, or import, at any time or in any manner, any bald eagle commonly known as the American eagle, or any golden eagle, alive or dead, or any part, nest, or egg thereof of the foregoing eagles, shall be fined not more than $500 or imprisoned not more than six months, or both."

a petty offense as that term is defined in Title 18 U.S.C. § 1(3) which states:

> "Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."

Proceeding from this premise the government contends that jury trials are not permitted in cases charging a petty offense. Both parties agree that this case does not require a jury trial as a matter of constitutional right under the provisions of Article III, section 2, paragraph 3,[2] or the Sixth Amendment to the Constitution.[3] The latest expression of the United States Supreme Court on this subject is found in Singer v. United States, 85 S.Ct. 783, (decided March 1, 1965), where the Court said:

> "Although not necessary to the holding in the case, in Thompson v. State of Utah, 170 U.S. 343 [18 S.Ct. 620, 42 L.Ed. 1061], this Court also expressed a view that the Constitution made jury trial the exclusive method of determining guilt in all federal criminal cases. However, in Schick v. United States, 195 U.S. 65 [24 S. Ct. 826, 49 L.Ed. 99], the Court decided there was no constitutional requirement that petty offenses be tried by jury. These two decisions were construed by the lower federal courts as establishing a rule that in all but petty offenses jury trial was a constitutional imperative. (Cases omitted)."[4]

Both parties further agree that even though a jury trial is not required as a matter of constitutional right Congress has the power to grant or deny the right of jury trial in cases involving petty offenses. The question therefore is not whether a jury trial upon demand of the defendant is constitutionally required, but whether a jury trial is required upon the demand of the defendant under relevant congressional statutes and the Federal Rules of Criminal Procedure. It is in this area of statutory and rule construction that the parties have their disagreement. It is the government's contention that the statutory and rule scheme of procedure in the trial of petty offenses precludes a jury trial, whereas the defendant contends that the scheme of procedure requires a jury trial upon demand of the defendant.

While the defendant contends that the offense charged is not a petty offense, the Court is of the view that this is the type of offense which would fall squarely within the definition of a petty offense, and, if necessary to the decision, the Court would so hold.[5] Therefore the Court will treat with this issue as though the offense charged was a petty offense without deciding that issue.

---

2. "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

3. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."

4. See also: Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223; District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843; Smith v. United States, 5 Cir., 128 F.2d 990.

5. District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660 (1937); District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930); Schick v. United States, 195 U.S. 65, 24 S.Ct. 826 (1904); Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301 (1888); Smith v. United States, 128 F.2d 990 (5th Cir., 1942). The killing of an eagle is not malum in se, such violations would not be triable to a jury at common law, and the penalties imposed by Congress for violation of this section are within the definition of petty offenses as set out in 18 U.S.C. § 1(3).

The statutory framework for the trial of certain petty offenses is found in 18 U.S.C. §§ 3401 [6] and 3402.[7] Section 3401 provides in substance that any specially designated United States commissioner may try "petty offenses in any place over which the Congress has exclusive power to legislate, or over which the United States has concurrent jurisdiction," and the defendant has the right to elect, whether he shall be tried by the commissioner or by the district court. (It is to be noted that in this case a complaint was filed before the United States commissioner, that the defendant elected to be tried in the district court, and that the present information was filed in the district court). Section 3402 provides for an appeal to the district court from the judgment of the commissioner and provides that the Supreme Court shall prescribe rules of procedure and practice for the trial of petty offenses before commissioners. The Supreme Court has enacted rules of trial of petty offenses before the United States commissioner. 311 U.S. 733. These rules set up a system of trial without a jury and provide that, "The trial shall be conducted as are trials of criminal cases in the District Court by a District judge in a criminal case where a jury is waived." (Rule 2). The Federal Rules of Criminal Procedure make no special provision for the trial of petty offenses as distinguished from the trial of any other offenses. However, Rule 54 (b)(4) states:

"These rules do not apply to proceedings before United States commissioners and in the district courts under Title 18, U.S.C., §§ 3401, 3402, relating to petty offenses on federal reservations."

Rule 23(a) provides:

"Cases required to be tried by jury shall be so tried * * *."

Under these provisions this Court in unreported decisions has heretofore denied jury trials in the District Court in cases involving petty offenses on government reservations. See: U. S. v. Sawyer, Cr. No. 38519; U. S. v. Shaff, Cr. No. 38544; and U. S. v. Baliard, et al., Cr. No. 39732. The premise of those holdings was that Congress in establishing the procedure for the disposition of petty offenses on government reservations intended a summary disposition of such cases without a jury trial either before the commissioner or the district court. The government urges the Court to extend this reasoning to all petty offenses, whether or not committed on a govern-

---

**6.** "§ 3401. *Petty offenses; application of probation laws; fees*

"(a) Any United States commissioner specially designated for that purpose by the court by which he was appointed has jurisdiction to try and sentence persons committing petty offenses in any place over which the Congress has exclusive power to legislate or over which the United States has concurrent jurisdiction, and within the judicial district for which such commissioner was appointed.

"(b) Any person charged with a petty offense may elect, however, to be tried in the district court of the United States. The commissioner shall apprise the defendant of his right to make such election and shall not proceed to try the case unless the defendant after being so apprised, signs a written consent to be tried before the commissioner.

"(c) The probation laws shall be applicable to persons so tried and the commissioner shall have power to grant probation.

"(d) For his services in such cases the commissioner shall receive the fees, and none other, provided by law for life or similar services.

"(e) This section shall not apply to the District of Columbia nor shall it repeal or limit existing jurisdiction, power or authority of commissioners appointed * * * in the several national parks."

**7.** "§ 3402. *Rules of procedure, practice and appeal*

"In all cases of conviction by United States commissioners an appeal shall lie from the judgment of the commissioner to the district court of the United States for the district in which the offense was committed.

"The Supreme Court shall prescribe rules of procedure and practice for the trial of cases before commissioners and for taking and hearing of appeals to the said district courts of the United States."

ment reservation. In this contention the government gives too broad a sweep to the statutes and the rules. It is significant to note that Rule 54(b)(4) refers to "petty offenses on federal reservations", and the statute (§ 3401) refers to "any place over which the Congress has exclusive power to legislate or over which the United States has concurrent jurisdiction."

When Congress used these terms of limitation it had a purpose of reaching certain problems on military bases and other government reservations. The Secretary of War and the Attorney General were concerned with the judicial administration of minor offenses occurring in increasing volume on such reservations and Congress was requested to enact a statutory plan for the summary disposition of such minor offenses. See House Report No. 2579, 76th Cong., 3rd Sess. This request resulted in the enactment in 1940 of the predecessor to Sections 3401 and 3402. See 54 Stat. 1058. Congress has given similar jurisdiction to National Park commissioners. See 28 U.S.C. § 632. When Congress wanted to expand this type of jurisdiction to offenses committed outside of government reservations it did so by direct legislative action. In 1964 Public Law 88–537, 78 Stat. 745, relating to national forests and grasslands regulations was enacted. In this legislation the procedure of Sections 3401 and 3402 was made applicable to certain minor offenses on national forests and grasslands. The reason for the legislation is stated in Senate Report No. 1447, U. S. Code Cong. and Adm. News, p. 3315, 88th Cong., 2nd Sess., 1964, which states:

"Persons charged with petty offenses in the national parks may now be tried by a U. S. commissioner specifically designated for that purpose. Persons charged with a similar offense in a national forest or national. grassland area must, however, be tried by a U. S. district court because of the provision of section 3401(a) of the Criminal Code limiting the jurisdiction of U. S. commissioners in petty offense cases to areas over which the United States has exclusive or concurrent jurisdiction. *Generally, the jurisdiction of the United States over national forests and national grasslands is proprietary rather than exclusive or concurrent.*

"Because of the distance and time involved, and the crowded dockets of most U. S. courts, the appearance of a person charged with a petty offense in the national forests or grasslands entails substantial expense and inconvenience both to the person accused and to Forest Service officials. This has very naturally resulted in a reluctance on the part of Forest Service officers to enforce rules and regulations by means stronger than persuasion." (Emphasis added).

Congress has also provided for a system of summary trial of petty offenses in the District of Columbia. Several of the cited cases in this memorandum discuss that system (United States v. Clawans, supra, and District of Columbia v. Colts, supra), so no further discussion of that system will be made here except to note that when Congress desired to provide for the prosecuting of petty offenses without a jury trial in that district it did so by legislative act.

■ It appears to the Court that the only conclusion to be drawn from this legislative pattern is that Congress intended that petty offenses should be tried like all other criminal offenses (jury trial) unless it otherwise provided. This conclusion is also indicated by Smith v. United States, 128 F.2d 990, 991 (Cir. 5, 1942), and United States v. Great Eastern Lines, Inc., 89 F.Supp. 839 (D.C., E. D.Va., 1950). In Smith the court determined that a jury trial was required on an offense charged under a statute closely related to the statute under consideration here. There the offense was charged under 16 U.S.C. § 703 et seq., the Migratory Bird Treaty Act, whereas, here the offense is charged under 16 U.S.C. § 668, for the protection of bald and golden eagles. Both sections are a part of Title

16 which generally codifies the law in the area of conservation, but these sections are even more closely related by reason of 16 U.S.C. § 668b, which by reference adopts the enforcement provision of 16 U.S.C. § 706 of the Migratory Bird Treaty Act as the method of enforcing section 668. Absent some special distinction, it would seem that the mode of trial for an offense charged under section 668 should be the same as for an offense charged under section 703. In Smith, supra, the district court had denied a jury trial in a case involving the unlawful sale of wild ducks upon the ground that the offense charged was a petty offense and a jury trial was not permitted. The court of appeals reversed, holding that the district court was in error, "for the reason that Congress has not conferred upon the district courts jurisdiction to try petty criminal offenses without a jury." In another case involving the interpretation of a statute creating a federal offense for acts committed off a federal reservation the same test was applied. In United States v. Great Eastern Lines Inc., supra, the court was interpreting regulations under the Interstate Commerce Act, 49 U.S. C.A. § 301 et seq., which the court indicated " * * * might be classified as petty offenses, as distinguished from crimes, and their trial not necessitate a jury." The court refrained from making any classification of the offense but held, "Unless the Congress expressly directs that there shall be none, the Court will conclude that Congress intended a jury trial of a statutory offense," (citing Smith, supra).

Since Congress has not indicated otherwise and since the alleged offenses charged in the information were not committed on a government reservation, or within the exclusive or concurrent jurisdiction of the United States, the defendant may have a jury trial upon demand. There is nothing in Schick v. United States, supra, or United States v. Au Young, 142 F.Supp. (D.C., D.Hawaii, 1956), which require a contrary holding because both cases involve defense waivers of a jury trial in petty offense cases rather than a demand for jury trial.

The government's motion to quash should be denied

It is ordered that plaintiff's motion to quash and deny defendant's demand for a jury trial be, and the same is hereby denied.