**UNITED STATES of America,
Appellee,**

v.

**Nicholas J. MERRICK, Appellant.**

**No. 71-1833.**

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1972.

Decided May 18, 1972.

John E. Kloch, Washington, D. C., for appellant.

Thomas Moore, Asst. U. S. Atty. for the E. D. of Va. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before WINTER, BUTZNER, and FIELD, Circuit Judges.

BUTZNER, Circuit Judge:

This appeal questions denial of a jury trial to a person charged with a petty offense. Nicholas J. Merrick was arrested twice for the unauthorized operation of a taxicab at Washington National Airport.[1] He declined to be tried by

---

1. Merrick was charged with violating 14 C.F.R. § 159.3 (1971), which provides:

"(a) No person may operate a motor vehicle for the purpose of carrying passengers for hire (including a taxicab) on the airport unless—

(1) He is authorized to do so by contract with the United States; or

(2) He is operating that vehicle—

(i) To carry passengers to the airport for delivery there;

(ii) To carry immediately from the airport passengers picked up in response to a prior request; or

(iii) To carry immediately from the airport passengers picked up, without a prior request, at the point of and immediately upon discharge of other passengers delivered there.

(b) A person operating a motor vehicle for the purpose of carrying passengers for hire (including a taxicab) on

a magistrate and elected to be tried in district court.[2] There he demanded a trial by jury, but his motion was denied. The court consolidated both cases, tried him without a jury, found him guilty, and imposed two concurrent six month sentences suspending, however, all but five days imprisonment. We affirm.

■■■ Neither Article 3, § 2 of the Constitution, which provides, "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury," nor the Sixth Amendment which states, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury," applies to petty offenses. Consequently, there is no constitutional right to a trial by jury for a petty offense. Frank v. United States, 395 U.S. 147, 152, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969); Cheff v. Schnackenberg, 384 U.S. 373, 380, 86 S. Ct. 1523, 16 L.Ed.2d 629 (1966); District of Columbia v. Clawans, 300 U.S. 617, 630, 57 S.Ct. 660, 81 L.Ed. 843 (1937); Schick v. United States, 195 U. S. 65, 68, 24 S.Ct. 826, 49 L.Ed. 99 (1904); 2 C. Wright, Federal Practice and Procedure § 371 (1969). The Supreme Court has never precisely defined a petty offense. In Baldwin v. New York, 399 U.S. 66, 68, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970), Mr. Justice White said:

"In deciding whether an offense is 'petty,' we have sought objective criteria reflecting the seriousness with which society regards the offense, . . . and we have found the most relevant such criteria in the severity of the maximum authorized penalty. . . . Applying these guidelines, we have held that a possible six-month penalty is short enough to permit classification of the offense as 'petty' . . . . ."

The legislative definition also adopts a maximum penalty of six months.[3] Confronted by these authorities, Merrick concedes—correctly, we believe—that he is not constitutionally entitled to a jury trial.[4]

■ Merrick contends, however, that he has a statutory right to a jury trial because Congress has not enacted any law to the contrary. In support of his position, he cites a number of cases which hold that a petty offender is entitled to a jury trial unless Congress has otherwise provided. E.g., Smith v. United States, 128 F.2d 990 (5th Cir. 1942); United States v. Bishop, 261 F. Supp. 969 (N.D.Cal.1966); United States v. Martinelli, 240 F.Supp. 365 (N.D.Cal. 1965); United States v. Great Eastern Lines, Inc., 89 F.Supp. 839 (E.D.Va. 1950). But Merrick fails to reckon with changes in pertinent statutes and rules enacted since these decisions.

■ In 1968 Congress amended 18 U.S.C. § 3401 to provide that the magistrate shall explain to a defendant charged with a minor offense,[5] that he

---

the airport in response to a prior request to pick up passengers there must show on his manifest the time the request was made, the name of the person who made the request, and the time of pickup."

2. Title 18 U.S.C. § 3401(b) and Rule 3 of the Rules of Procedure for the Trial of Minor Offenses before United States Magistrates provide for this election.

3. 18 U.S.C. § 1 (1970) provides:
"Notwithstanding any Act of Congress to the contrary:
(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.
(2) Any other offense is a misdemeanor.

(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."

4. The maximum penalty for Merrick's offense is six months imprisonment or a fine of $500, or both. 14 C.F.R. § 159.191 (1971). His crime, essentially a trespass, is not so serious as to entitle him to a jury regardless of the penalty. See District of Columbia v. Colts, 282 U.S. 63, 73, 51 S.Ct. 52, 75 L.Ed. 177 (1930); United States v. Bishop, 261 F.Supp. 969, 971 (N.D.Cal.1966).

5. 18 U.S.C. § 3401(f) defines minor offenses (with exceptions not here pertinent) as "misdemeanors punishable under

"has a right to trial before a *judge* of the district court and that he *may* have a right to trial by a jury . . . ." (Emphasis added). The Rules of Procedure for the Trial of Minor Offenses before United States Magistrates, which became effective January 27, 1971, distinguish for the first time between minor offenses and petty offenses.[6] Rule 3, dealing with petty offenses, clearly indicates that a petty offender is not entitled to a jury trial.[7] The rule specifically states that the trial before the magistrate shall be conducted "as are trials of petty offenses in the district court by a district judge without a jury." Moreover, the defendant need not be warned that by consenting to trial before a magistrate he waives a right to a trial by jury in the district court. If a petty offender had the right to a jury trial in the district court, the magistrate would be required to inform him of this right because an accused can waive only a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

In sharp contrast to Rule 3 for petty offenses is Rule 2, which deals with minor offenses, for which the penalty may exceed six months. Then the magistrate is required to explain to the defendant "that he has a right to trial before a judge of the district court and a jury . . . ." Furthermore, the defendant must sign a written consent, in which he specifically waives trial before a jury.

We believe that 18 U.S.C. §§ 3401 and 3402, as amended in 1968, and Rule 3 of the Rules of Procedure for the Trial of Minor Offenses before Magistrates, demonstrate the intent of both the Congress and the Supreme Court to provide for the trial of a petty offender without a jury when he elects to be tried in a district court.[8] Indeed, one reason Mr. Justice Black and Mr. Justice Douglas dissented from the Supreme Court's adoption of Rule 3 was their belief that the Rule probably denied the right to a jury trial for a petty offense. 51 F.R.D. 206 (1971).

Merrick also complains that the district judge misconstrued the regulation which he was charged with violating and that the evidence was insufficient to sustain his conviction. We find no merit in these assignments of error. The judgment is affirmed.

Affirmed.

---

the laws of the United States, the penalty for which does not exceed imprisonment for a period of one year, or a fine of not more than $1,000, or both. . . . " The definition, of course, includes a petty offense.

6. 18 U.S.C. § 3402 authorizes the Supreme Court to prescribe these rules.

7. Rule 3 provides:
"(a) Complaint or Citation. The trial of a petty offense may proceed on an information filed with the clerk of the district court or on a complaint, citation, or violation notice filed with the magistrate.
(b) Consent; Arraignment. The magistrate shall state to the defendant the charge against him and shall inform the defendant of his right to counsel and to a trial in the district court. If the defendant signs a written consent to be tried before the magistrate which specifically waives trial before a judge of the district court, the magistrate

shall take the defendant's plea to the charge. The defendant may plead not guilty, guilty or, with the consent of the magistrate, nolo contendere. If the defendant pleads not guilty, the magistrate shall either conduct the trial immediately or fix a time for the trial, giving due regard to the needs of the parties to consult with counsel and to prepare for the trial.
(c) Trial
(1) Procedure. The trial shall be conducted as are trials of petty offenses in the district court by a district judge without a jury.
(2) Record. Unless the defendant waives in writing the keeping of a verbatim record, proceedings under this rule shall be taken down by a reporter or recorded by suitable sound recording equipment."

8. United States v. Cain, 454 F.2d 1285 (7th Cir. 1972), reaches the same result but on different grounds.