**UNITED STATES of America,**
**Appellee,**

v.

**Mark POTVIN and Chuck Winslow,**
**Appellants.**

**Nos. 73–1151, 73–1152.**

United States Court of Appeals,
Tenth Circuit.

July 3, 1973.

Rehearing Denied Aug. 24, 1973.

The record shows that the defendants went on the National Forest and without a permit, other than a purported mineral location, built a lean-to and tepees. They began to live at this location; trees were cut down, and the construction of a log building was there begun. The walls of this building were constructed to a height of five to eight feet. The testimony by the Government witnesses established the charged settlement, the cutting of the trees, and the work on the log building by defendants and others. These actions were not denied by defendants.

Upon trial to the court, appellants were found guilty on both counts of the indictment. Each appellant was sentenced to serve ninety days on count I and each was placed on six months probation as to count II, the probation to begin following the ninety day sentence. The appellants then appealed to this court.

■ ■ Appellants recognize and concede that a person charged with a petty offense has no constitutional right to a trial by jury. They do argue, however, that where Congress has not eliminated the right by specific legislation, there is a right to trial by jury for all federal crimes. Our decision in United States v. Floyd, Tenth Circuit, 1973, 477 F.2d 217, is dispositive of this argument. There we held that if an offense comes within the definition of a petty offense contained in 18 U.S.C. § 1(3), and has not been held to be a serious offense under prior United States Supreme Court decisions, a jury trial is not required.

■ The appellants' second contention presents the major issue on this appeal, which is whether a person charged with two or more petty offenses arising out of the same act, transaction, or occurrence, is entitled to a trial by jury when the potential aggregate penalty on all counts is in excess of six months imprisonment.

There appears to be no direct authority on the issue. In United States v. Merrick, 459 F.2d 644 (4th Cir.), the

Daniel D. Bremer, Denver, Colo., for appellants.

Stephen M. Duncan, Sp. Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

Appellants, with other persons not parties to this appeal, were charged in a two count indictment with cutting and chopping standing timber and commencing to build a structure on lands of the United States, and making settlement upon lands of the United States without a permit or the approval of a Forest Service officer. Appellants refused trial before the United States Magistrate (18 U.S.C. § 3401) and when brought before the District Court demanded a jury trial which was denied them.

court by way of dictum noted that where the offense is "minor" as opposed to "petty," and the penalty may exceed six months imprisonment, the defendant has the right to trial by jury in the district court. It appears that the question as to cumulative penalties was not presented to the court. Cf. James v. Headley, 410 F.2d 325 (5th Cir.), wherein the question was presented in light of the right to counsel.

The District of Columbia and the state of New Mexico have held that the potential sentences facing a defendant should not be cumulated, and instead that each offense should be treated separately. See Scott v. District of Columbia, D.C. Mun.App., 122 A.2d 579; State v. James, 76 N.M. 416, 415 P.2d 543. New Jersey and Wisconsin, on the other hand, have held that a defendant facing a potential sentence in excess of that imposed for a petty offense, standing alone, because charged with more than one petty offense was entitled to a jury trial. State v. Owens, 54 N.J. 153, 254 A.2d 97, cert. den. 396 U.S. 1021, 90 S. Ct. 593, 24 L.Ed.2d 514; State v. Burke, 24 Wis.2d 82, 128 N.W.2d 422.

Appellants urge that unless we find that a person charged with more than one petty offense is entitled to a jury trial, prosecutors throughout the nation will charge offenders with a series of petty offenses to obviate the requirement of a trial by jury. The Government, in support of its position, urges that unless we find no such right exists, an intolerable burden will be placed on the courts and prosecutors' offices or offenders will be allowed to commit numerous offenses and face a maximum of six months imprisonment. Neither argument is particularly persuasive.

Appellants also refer us to the appeals of the criminal contempt convictions of the "Chicago Seven," United States v. Seale, 461 F.2d 345 (7th Cir.), and In re Dellinger, 461 F.2d 389 (7th Cir.), in support of their position that the potential sentences should be aggregated for the purposes of determining whether they were entitled to trial by jury. In Seale, the court looked to the actual penalty imposed in determining that the appellant was entitled to a jury trial since Congress had not passed on the seriousness of the offense by prescribing a maximum penalty. The court did note that in the ordinary course the maximum authorized penalty was the determinative factor. This case, while instructive, is not authority for appellants' position since in the present situation Congress has imposed a maximum penalty for the offenses charged.

The right to trial by jury has historically been limited to "serious" criminal cases. District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177; Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629; Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491; Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437. The Supreme Court has defined as "serious" any offense which carries a maximum penalty of more than six months imprisonment. Baldwin v. New York.

We believe that the defendants can view as no less serious a possible penalty of a year in prison when charged with two offenses arising out of the same act, transaction, or occurrence, than if charged with one offense having a potential penalty of one year's imprisonment. Nor, in our view, should the court view the offenses any less seriously. Mr. Justice White, in the opinion in Baldwin v. New York, 399 U.S. 66, 73, 90 S.Ct. 1886, 1890, 26 L.Ed.2d 437, said:

> " . . . Where the accused cannot possibly face more than six months' imprisonment, we have held that these disadvantages [the lack of the right to trial by jury], onerous though they may be, may be outweighed by the benefits that result from speedy and inexpensive nonjury adjudications. We cannot, however, conclude that these administrative conveniences, . . . can similarly

justify denying an accused the important right to trial by jury where the possible penalty exceeds six months' imprisonment. . . ."

The same principles are applicable in the cases before us. Thus we must hold that the defendants were here entitled to a jury trial. The two charges here concerned were so closely related, and arose out of the same acts.

The case is thus reversed and remanded to the District Court for further proceedings in accordance herewith.