614 P.2d 855

Candace Lynn BRUCE, Petitioner/Appellee,

v.

The STATE of Arizona, City Court of the City of Tucson, Respondent/Appellant.

No. 2 CA–CIV 3382.

Court of Appeals of Arizona, Division 2.

Feb. 20, 1980.

Rehearing Denied March 26, 1980.

Review Granted April 15, 1980.

314

Gale A. Dean, Tucson, for petitioner/appellee.

Frederick S. Dean, City Atty. by R. William Call, Tucson, for respondent/appellant.

## OPINION

HATHAWAY, Chief Judge.

The determinative issue in this appeal is whether the right to a jury trial, as provided for by *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) and *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), is applicable in those cases where the accused is charged with a number of offenses, each of which carries a potential sentence of six months or less, the combined sentence for which exceeds six months. We believe

*Duncan* and *Baldwin* apply to such cases and affirm the trial court's granting special action relief.

Appellee Bruce was arrested and charged with one count of aggravated assault as to one victim under A.R.S. Sec. 13–1204(A)(5), filed under A.R.S. Sec. 13–702(G)(2) as a class one misdemeanor, and as to a second victim, one count of assault under A.R.S. Sec. 13–1203(A)(1), also a class one misdemeanor, and one lesser included count of assault under A.R.S. Sec. 13–1203(A)(3), a class three misdemeanor, all three charges arising from the same acts. The class one misdemeanors each carry a maximum sentence of six months and the class three misdemeanor a maximum sentence of 30 days. The maximum potential sentence under A.R.S. Sec. 13–708 is therefore more than six months.

Bruce appeared in city court and requested a jury trial. The request was denied and a special action petition was filed in superior court. Relief was granted and this appeal followed.

Appellant first argues that each offense charged separately carries a maximum sentence of six months or less and therefore no right to a jury trial accrues to appellee. We do not agree.

Historically, the right to a jury trial has been limited to "serious" criminal charges. *Cheff v. Schnackenberg*, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966); *Duncan v. Louisiana*, supra. The United States Supreme Court has defined as "serious" any offense which carries a maximum penalty of more than six months. *Baldwin v. New York*, supra. In *Baldwin*, Mr. Justice White said:

". . . Where the accused *cannot possibly face* more than six months' imprisonment, we have held that these disadvantages [no right to a jury trial], onerous though they may be, may be outweighed by the benefits that result from speedy and inexpensive nonjury adjudications. We cannot, however, conclude that these administrative conveniences, . . . can similarly justify denying an accused the important right to trial by jury where

the *possible penalty* exceeds six months imprisonment." 399 U.S. at 73, 74, 90 S.Ct. at 1891 (Emphasis added).

While there was only a single offense charged in *Baldwin*, supra, we believe that the reasoning there is equally applicable in cases of multiple charges. In *United States v. Potvin*, 481 F.2d 380 (10th Cir. 1973) where the defendants were charged with two petty offenses, the aggregate penalty for which exceeded six months, the court held that the right to a jury trial did attach and *Duncan*, supra, and *Baldwin* were controlling. The *Potvin* court stated:

"We believe that the defendants can view as no less serious a possible penalty of a year in prison when charged with two offenses arising out of the same act, transaction, or occurrence, than if charged with one offense having a potential penalty of one year's imprisonment." 481 F.2d at 382.

As was stated in *James v. Headley*, 410 F.2d 325 (5th Cir. 1969), "If a *guilty* person is convicted, the sum of the potential penalties is what is important to him—and to society." 410 F.2d at 329 (Emphasis in original).

We are aware that some jurisdictions disagree with the above reading of *Duncan*, *Baldwin* and *Potvin*. However, the New Mexico and District of Columbia decisions, *State v. James*, 76 N.M. 416, 415 P.2d 543 (1966) and *Scott v. District of Columbia*, 122 A.2d 579 (1956), predated the *Duncan* and *Baldwin* decisions. In *City of Fort Lauderdale v. Byrd*, 242 So.2d 494 (Fla.App.1970), the court held that there is no reason to consider the aggregate penalty that might be imposed if offenses are joined for trial purposes. We believe the Florida court misread *Baldwin* and the dicta in *James v. Headley*, supra. In addition, it did not have *United States v. Potvin*, supra, to consider. We reject the Florida approach.

We also note that the Ninth Circuit in *Maita v. Whitmore*, 508 F.2d 143 (1974), cert. den., 421 U.S. 947, 95 S.Ct. 1676, 44 L.Ed.2d 100 (1975), rejected the holding in *United States v. Potvin*, supra, on the grounds that its interpretation of *Baldwin*

was impermissibly broad in the light of *Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). Both *Maita v. Whitmore* and *Taylor v. Hayes*, supra, are distinguishable from *Potvin* and the case before us in that they involved criminal contempt where the actual sentence imposed did not exceed six months.

New Jersey in *State v. Owens*, 54 N.J. 153, 254 A.2d 97 (1969), cert. den., 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970), is in accord with the position we have taken here, as in Louisiana in *State v. Nettleton*, 367 So.2d 755 (La.1979), dealing with cumulative fines in excess of $500, and in *State v. McCarroll*, 337 So.2d 475 (La.1976), dealing with aggregate sentences in excess of six months' imprisonment. Accord, *United States v. FMC Corp.*, 428 F.Supp. 615 (W.D.N.Y.1977). It should be noted that we are dealing here, as was the court in *Potvin*, with multiple offenses arising from the same act or occurrence. We need not, nor do we, address the problem presented when the different offenses charged arise out of separate acts. Nor do we, in view of our holding, address the second issue raised, i. e., the moral turpitude quality of the charges.

■ The final issue on appeal is whether the remaining charges can be tried by the magistrate if the aggravated assault charge is tried to a jury. Permitting such bifurcation would threaten the spirit of *Duncan* and *Baldwin*. Conceivably, a defendant could receive a sentence of three months on the aggravated assault charge tried to the jury and a sentence of six months on the simple assault charge tried to the magistrate. Two-thirds of the nine months' imprisonment would have resulted from a non-jury trial. In addition, where, as here, the same witnesses, facts and circumstances must be presented for all the charges, judicial economy is served by consolidating the charges and trying them all before the jury.

Affirmed.

RICHMOND, J., concurs.

**316**

HOWARD, Judge, dissenting.

The majority opinion affirms the superior court order that a jury trial be provided by the city court. It thus appears that this court has adopted a per se rule, to-wit, a person charged with multiple misdemeanors is charged with a serious offense if he can be given consecutive jail sentences which total more than six months. I cannot agree with this rule. It is my view that the offenses do not become serious until the sentencing judge actually imposes sentences which total more than six months. In *Maita v. Whitmore*, supra, at 146, the court states:

"We conclude that, where the judge has discretion to impose more than six months by imposing consecutive sentences, just as where he has discretion to impose more than six months because there is no statutory maximum, it is the judge's exercise of his discretion, not the mere fact that he has discretion, that determines whether the offense is 'petty.' * * * In the case at bar, the legislature has determined that a single offense is 'petty,' and the possibility of 'serious' punishment derives from the trial judge's discretion to impose consecutive sentences for multiple offenses."

In *Taylor v. Hayes*, supra, upon which the *Maita* court relied, the court stated, 418 U.S. at 496, 94 S.Ct. at 2702: " * * * [I]n the absence of legislative authorization of serious penalties for contempt, a State may choose to try any contempt without a jury if it determines not to impose a sentence longer than six months. . . ."

The majority distinguishes these cases because they involve contempts. In the context of the issue before us this is a distinction without a difference.

I would hold that the effect of the denial of the motion for a jury trial was an election by the city court to treat the matters as petty offenses punishable by not more than a total of six months in jail. See *Robran v. People ex rel. Smith*, 173 Colo. 378, 479 P.2d 976 (1971). I do not believe that assaulting a police officer, which can be accomplished by the mere wrongful touching of the officer, is a crime involving moral turpitude.

I would therefore set aside the order of the superior court.