**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LYNN C. SPAFFORD,

Defendant-Appellant.

Nos. 96-4102
&
96-4205
(D.C. Nos. 96-CV-346 & 96-CR-26)
(D. Utah)

---

ORDER AND JUDGMENT *

---

Before **TACHA** , **LOGAN** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The cases are

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In Case No. 96-4205, Defendant-Appellant Lynn Charles Spafford appeals from his convictions for driving under the influence of alcohol, see 36 C.F.R. § 4.23(a)(1), and possessing an open container of alcohol in a vehicle, see 36 C.F.R. § 4.14. In Case No. 96-4102, appellant appeals from the district court's order dismissing his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. We grant appellant's motion to consolidate these appeals, and affirm.

The misdemeanor offenses for which appellant was convicted occurred within Zion National Park. He was tried before a United States magistrate judge, who sentenced him to the maximum six months in prison for the driving under the influence charge, to be followed by five years probation, including 120 days halfway house detention, for the open container charge. Appellant appealed his convictions to the district court. While his appeal from the magistrate's decision was pending before the district court, appellant filed his § 2255 motion, alleging

that his trial counsel had been constitutionally ineffective. [1] The district court denied this motion. It later affirmed his convictions on direct appeal.

1. Appeal from order denying § 2255 motion [2]

The district court denied appellant's § 2255 motion, holding that he must complete his direct appeal before seeking relief pursuant to § 2255. At the time appellant filed his motion, § 2255 provided that it could be filed "at any time." 28 U.S.C. § 2255 (1996). We recognized, however, that "[a]bsent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993). [3]

_____

[1] Appellant began serving his six-month sentence on February 10, 1996, to be followed by a four-month term in a halfway house and the probationary term. He filed his § 2255 motion on April 11, 1996. Presumably, he has now served his sentences and been released on probation. To the extent his motion, and his direct appeal, sought his release from incarceration, they have been mooted by his release. Because his probationary term is not complete, however, and because collateral consequences may still attach to his convictions, both his appeal and his § 2255 motion continue to present an active controversy for our resolution. See Oyler v. Allenbrand, 23 F.3d 292, 293-94 (10th Cir. 1994).

[2] Appellant has requested a certificate of appealability (COA) to proceed with this appeal. See 28 U.S.C. § 2253(c). Appellant filed his § 2255 motion in the district court prior to the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996; therefore, he does not need a COA. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998).

[3] This case is somewhat unusual, in that the direct appeal was pending before the district court, rather than this court, when appellant filed his § 2255 motion.

(continued...)

-3-

Appellant contends that there were extraordinary circumstances present in this case, which required the district court to consider his motion in spite of the pending appeal. None of the circumstances he identifies is sufficiently extraordinary to warrant extended discussion, except for his contention that the magistrate judge lacked jurisdiction to try him for the offenses.

Appellant correctly notes that "jurisdictional issues are never waived and can be raised on collateral attack." Id. at 1320. He argued in his § 2255 motion that the magistrate judge lacked jurisdiction to try him because he did not knowingly and effectively waive his right to jury trial. [4]

Appellant acknowledges that the right to jury trial does not extend to petty offenses. See Lewis v. United States, 518 U.S. 322, 324 (1996). He argues, however, that since the two offenses with which he was charged required him to face an aggregate prison term in excess of six months, he was entitled to a jury trial, citing United States v. Potvin, 481 F.2d 380, 383 (10th Cir. 1973). Potvin was overruled by Lewis, however, which held that the scope of the Sixth

---

[3](...continued)
Appellant fails to show that the procedural facts of this case justify a departure from the general principle, however.

[4]     Appellant does not explicitly couch this argument in the form of ineffective assistance of counsel. He sufficiently implicates his counsel in the circumstances leading to the lack of an effective waiver, however, that we will consider his complaint as one for ineffective assistance, cognizable on § 2255 review.

-4-

Amendment's guarantee "does not change where a defendant faces a potential aggregate prison term in excess of six months." Lewis, 518 U.S. at 324.

Appellant argues that under retroactivity principles announced in Teague v. Lane, 489 U.S. 288 (1989), Potvin rather than Lewis applies to his case. We disagree. Teague provides that "new constitutional rules of criminal procedure will not be applicable [on collateral review] to those cases which have become final before the new rules are announced." Id. at 310. A case is "final," for purposes of Teague, when the judgment of conviction has been rendered, availability of direct appeal exhausted, and the time for petition for certiorari has elapsed. See United States v. Swindall, 107 F.3d 831, 835 (11th Cir. 1997) (applying rule); cf. Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (stating similar definition of finality applicable in 28 U.S.C. § 2254 habeas cases). Under this standard, appellant's conviction is not yet final. Lewis, rather than Potvin, therefore applies to him.

Appellant further argues that although his conviction for driving under the influence carries a maximum sentence of only six months, it carries "additional statutory penalties so severe as to indicate that the legislature considered [it a] serious [rather than petty offense]." See Lewis, 518 U.S. at 326. This argument is specifically foreclosed by the Supreme Court's contrary decision in United States v. Nachtigal, 507 U.S. 1, 5-6 (1993). We conclude that appellant was not

entitled to a jury trial, that the magistrate had jurisdiction to try him for the relevant offenses, and that the district court did not abuse its discretion in dismissing his § 2255 motion.

2. Direct appeal from judgment of conviction

In his direct appeal, appellant raises the following issues: (1) whether the evidence was insufficient to convict him of the offense of "open container;" (2) whether the evidence was insufficient to convict him of the offense of "driving under the influence;" (3) whether separate punishment for a lesser included offense violates the double jeopardy clause; (4) whether the sentence imposed on the "open container" violation was "plainly unreasonable" within the meaning of 18 U.S.C. § 3742(a); (5) whether certain special conditions of probation violated his right to freedom of association, the equal protection clause, his right to freedom of travel, and his right to privacy; and (6) whether the magistrate judge acted in the absence of subject matter jurisdiction. We have carefully reviewed and considered the briefs, the record, and the applicable law, and conclude that appellant has failed to demonstrate any reversible error in the district court's decision affirming the magistrate judge's judgment of conviction and sentence.

The judgments of the United States District Court for the District of Utah are AFFIRMED. Appellee's motion to supplement the record on appeal is GRANTED. All other pending motions are DENIED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge